UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:07-60259-CIV--COOKE/BROWN

TAYLOR FARMS FLORIDA, INC.,

    *Plaintiff*,

v.

GENNARO'S PRODUCE, INC., *et al*.,

    *Defendants*.

_____/

### *EX PARTE* TEMPORARY RESTRAINING ORDER & ORDER REFERRING MOTION FOR PRELIMINARY INJUNCTION TO MAGISTRATE JUDGE STEPHENT T. BROWN FOR REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff's Ex Parte Motion for Temporary Restraining Order (DE 2), filed February 26, 2007. The Court has reviewed the Motion, the sworn Affidavit of Louise Ebert, and Counsel's Certification as to why notice should not be required pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. See Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983). A party seeking a temporary restraining order or preliminary injunction must show the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the injury to Plaintiff outweighs the harm an injunction may cause Defendants; and (4) that granting the injunction would not disserve the public interest. See Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir.1999). "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific

facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Fed.R.Civ.P. 65(b).

In the present action, Plaintiff Taylor Farms Florida, Inc. ("Plaintiff" or "Taylor Farms") presented the Affidavit of Louise Ebert (the Office Manager for Taylor Farms) and the Certification of Plaintiff's Counsel to support its Motion for an ex parte restraining order.  From Ms. Ebert's Affidavit and Counsel's Certification it clearly appears that Taylor Farms is a produce dealer and trust creditor of Defendants Gennaro's Produce, Inc., Gennaro Mugnano, Barbara A. Mugnano, and Mugnano Properties - 5480, LLC ("Defendants") under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and has not been paid for produce in the total amount of $18,836.35 supplied to said Defendants as required by the PACA.  It is also clear from the Ebert Affidavit and Certification of Counsel that the Defendants are in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendants are not or may not be in a position to pay creditor's claim (JSG Trading Corp. V. Tray-Wrap, Inc., 917 F.2d 75 (2d. Cir. 1990)) thereby warranting the relief requested by Plaintiff.

On the basis of the pleadings, Affidavit and other submissions Plaintiff has filed in this matter, it appears that Plaintiff will suffer immediate and irreparable injury due to said Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.

Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this Motion, trust assets will be further threatened with dissipation before the Motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411, J.R. Brooks & Son, Inc. V. Norman's Country Market, Inc., 98 B.R. 47 (Bankr. N.D. Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, it is, by the United States District Court for the Southern District of Florida,

**ORDERED**:

1. Defendant Gennaro's Produce, Inc. ("Gennaro's Produce"), its agents, officers, subsidiaries, assigns, banking and financial institutions and all persons in active concert or participation with said Defendant, including Gennaro Mugnano, Barbara A. Mugnano, and Mugnano Properties - 5480, LLC, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of the PACA without the agreement of Plaintiff, or until further order of this Court.

2. Under § 499e(c)(2) of PACA, the assets subject to this Order include all of the

assets of Gennaro's Produce unless Gennaro's Produce can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  Provided however, Gennaro's Produce may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without the right of set-off, on the condition that Gennaro's Produce maintains the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the Parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4. Plaintiff shall not be required to post or give any security in view of the fact that Defendants now hold $18,836.35 of PACA trust assets which belong to Plaintiff and that this Order merely requires said Defendants to obey the requirements set forth under the PACA.

5. In accordance with 28 U.S.C. § 636(b)(1) Plaintiff's Motion for Preliminary Injunction (DE 3) is referred to the Honorable Stephen T. Brown for a report and recommendation.  Judge Brown is respectfully requested to schedule a hearing on this matter as soon as practical.

6. This Temporary Restraining Order is entered this 27th day of February, 2007, at 2:40 p.m. and shall expire within TEN (10) DAYS from the date of its issuance, unless extended for good cause shown upon motion duly filed and served on all parties.  Plaintiff is directed to immediately serve the Defendants, or their resident agent, or their counsel, with a copy of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2007.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
*The Honorable Stephen T. Brown, U.S. Magistrate Judge*
*All Counsel of Record*